UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH BOSTWICK,

      Plaintiff,                                  Case No. 19-10194

-v-

SODECIA USA AUTOMOTIVE CORP.,
SODECIA AUTOMOTIVE NORTH
AMERICA, INC., and SODECIA AUTOMOTIVE
DETROIT, CORP., Jointly & Severally,

      Defendants.
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
E-mail:  joey@wrongfullydischarged.com

Street Address:
30445 Northwestern Hwy., Ste. 250
Farmington Hills, MI  48334
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the plaintiff, Kenneth Bostwick, by and through his attorneys, The Niskar Law Firm, PLLC, and for his complaint against the defendants herein, jointly and severally, respectfully states unto this Honorable

Court as follows:

## A. Statement of Jurisdiction and Venue

1. Plaintiff is a resident of the County of Genesee, State of Michigan.

2. Defendants are each Delaware corporations. Each of the defendants have their respective registered office located in the City of Troy, County of Oakland, State of Michigan. Each of the defendants maintain a business within, and regularly conduct business within the County of Macomb, State of Michigan, and hence the geographic region constituting the Eastern District of Michigan, Southern Division.

3. The pertinent events giving rise to this cause of action occurred in the City of Roseville, County of Macomb, State of Michigan, and thus inside the Eastern District of Michigan, Southern Division.

4. As the defendants are located in, and all pertinent events giving rise to this action occurred inside the Eastern District of Michigan, Southern Division, this Honorable Court possesses personal jurisdiction over the defendants, and venue is proper pursuant to 28 USC § 1391.

5. Plaintiff alleges violations of the Americans With Disabilities Act, 42 USC § 12101, *et seq* (hereafter the "ADA"). Therefore, this Honorable Court possesses subject matter jurisdiction pursuant to 28 USC § 1331. This Honorable Court possesses supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC § 1367.

6. Plaintiff has complied with all procedural prerequisites to filing this action,

including the timely filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the timely filing of this action with the Court upon his receipt of notice of his right to sue from the EEOC.

### B.  Factual Allegations

Plaintiff incorporates all prior averments, as if fully set forth herein.

7. Plaintiff's employment with the defendants' predecessors dates back to 1994.

8. Plaintiff began working for the defendants on September 23, 2013.

9. Plaintiff held various positions with the defendants over the years.

10. Commencing in or around June of 2016, plaintiff took a leave of absence for a medical condition.

11. As of the time plaintiff commenced his medical leave, he held the position of supervisor at the defendants' Roseville, Michigan, facility.

12. As a result of his medical condition, plaintiff suffered a complete loss of his voice, and his ability to normally speak.  Unassisted, plaintiff can now only speak at a whisper level.

13. Prior to returning to work, defendants required plaintiff to submit to a fitness-for-duty examination at a clinic of defendants' choosing.  Plaintiff complied and was deemed by defendants' examiner to be able to perform the essential functions of the job.

14. Plaintiff returned to work from his medical leave on or about November 1,

2016.

15. By the time plaintiff returned from medical leave, the defendant had reclassified plaintiff's job position to that of "weld tech," which is a welding technician.

16. As of the time plaintiff returned from his medical leave, his voice was already significantly compromised.

17. Notwithstanding his voice deficit, plaintiff was able to perform the essential functions of the weld technician position, either with or without reasonable accommodation.

18. On April 28, 2017, defendants terminated plaintiff's employment for the given reason of his voice condition.

### C.  Count I – Violation of the Americans With Disabilities Act, 42 USC § 12101; Disability Discrimination

Plaintiff incorporates all prior averments, as if fully set forth herein.

19. Plaintiff was at all pertinent times an employee of the defendants, individually and/or collectively, within the meaning of 42 USC § 12111(4).

20. The defendants were at all pertinent times employers of the plaintiff, individually and/or collectively, within the meaning of 42 USC § 12111(5), and were subject to the prohibitions against discrimination on the basis of disability contained in the ADA.

21. Plaintiff is, and was at all pertinent times, a qualified individual with a disability within the meaning of 42 USC § 12111(8).

22. Plaintiff was qualified for the job he held, and could perform the essential job functions of the job either with or without reasonable accommodation.

23. Plaintiff suffered adverse employment action in the form of the termination of his employment

24. The defendants knew of plaintiff's disability.

25. The defendants terminated plaintiff employment because of his disability.

26. Defendants failed and/or refused to afford and/or allow plaintiff the use of reasonable accommodation to perform his essential job duties, if any such accommodations were necessary.

27. The defendants failed to timely and/or adequately engage in an interactive process with plaintiff to determine if accommodation was needed and/or reasonable accommodations which would enable plaintiff to perform his job duties.

28. The defendants are jointly and severally liable to the plaintiff under the ADA for:
    a. Terminating plaintiff because of his disability;
    b. Failing to afford and/or allow plaintiff the use of reasonable accommodation(s) which would have enabled him to perform the essential functions of the job, if any such accommodation was necessary;
    c. Failing to timely and properly engage in the interactive process;
    d. Even if plaintiff is determined to not suffer from a disability, as defined by the ADA, the defendants unlawfully regarded him as being disabled, and terminated his employment on the basis of such in violation of the ADA.

29. The defendants' violations of the ADA were done with malice and/or

reckless indifference plaintiff's rights, thereby subjecting the defendants to punitive damages, in addition to all other damages available at law.

30. As a direct and proximate result of the defendants' violations of the ADA, Plaintiff suffered emotional distress, mental anguish, pain and suffering.

31. As a direct and proximate result of the defendants' violations of the ADA, plaintiff suffered economic damages including loss of wages, loss of benefits, back pay, front pay, loss of employability and any incurred medical expenses.

32. Plaintiff hereby seeks the recovery of all compensatory (past and future economic and non-economic damages) available under the law, litigation costs, interest, and all punitive and exemplary damages available at law, as well as all attorney fees incurred in having to investigate, pursue, litigate and prosecute this claim pursuant to the ADA.

33. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order declaring that the defendants have violated the ADA, compelling the defendants to reinstate plaintiff into the job position plaintiff held at the time held at the time of his termination, retroactively restoring plaintiff's seniority and all benefits, enjoining the defendants from any further violations of the ADA, prohibiting the defendants from retaliating against plaintiff for exercising his rights under the ADA, and precluding the defendants from terminating plaintiff except upon good and

just cause. Even if the Court orders such equitable relief, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including non-economic damages, back-pay, the value of lost benefits, consequential damages, the costs of any medical care, punitive damages, attorney fees, costs, interest, etc.

### D. Count II – Violation of the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et seq*; Disability Discrimination

Plaintiff incorporates all prior averments, as if fully set forth herein.

34. Plaintiff is, and was at all pertinent times, a person with a disability within the meaning of MCL § 37.1103(h), whose disability qualifies as such under MCL § 37.1103(d).

35. The defendants were at all pertinent times employers of plaintiff, individually and/or collectively, within the meaning of MCL § 37.1201(b), and were subject to the prohibitions against discrimination on the basis of disability contained in the Michigan Persons with Disabilities Civil Rights Act (PWDCRA).

36. Plaintiff was qualified for the job he held, and could perform the essential job functions of the job either with or without reasonable accommodation.

37. Plaintiff suffered adverse employment action in the form of the termination of his employment

38. The defendants knew of plaintiff's disability.

39. The defendants terminated plaintiff employment because of his disability.

40. Defendants failed and/or refused to afford and/or allow plaintiff the use of reasonable accommodation to perform his essential job duties, if any such accommodations were necessary.

41. The defendants failed to timely and/or adequately engage in an interactive process with plaintiff to determine if accommodation was needed and/or reasonable accommodations which would enable plaintiff to perform his job duties.

42. The defendants are jointly and severally liable to the plaintiff under the PWDCRA for:

    a. Terminating plaintiff because of his disability;
    b. Failing to afford and/or allow plaintiff the use of reasonable accommodation(s) which would have enabled him to perform the essential functions of the job, if any such accommodation was necessary;
    c. Failing to timely and properly engage in the interactive process;
    d. Even if plaintiff is determined to not suffer from a disability, as defined by the PWDCRA, the defendants unlawfully regarded him as being disabled, and terminated his employment on the basis of such in violation of the PWDCRA.

43. The defendants' violations of the PWDCRA were done with malice and/or reckless indifference plaintiff's rights, thereby subjecting the defendants to exemplary damages, in addition to all other damages available at law.

44. As a direct and proximate result of the defendants' violations of the PWDCRA, Plaintiff suffered emotional distress, mental anguish, pain and suffering.

45. As a direct and proximate result of the defendants' violations of the

PWDCRA, plaintiff suffered economic damages including loss of wages, loss of benefits, back pay, front pay, loss of employability and any incurred medical expenses.

46. Plaintiff hereby seeks the recovery of all compensatory (past and future economic and non-economic damages) available under the law, litigation costs, interest, and all exemplary damages available at law, as well as all attorney fees incurred in having to investigate, pursue, litigate and prosecute this claim pursuant to the PWDCRA.

47. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order declaring that the defendants have violated the PWDCRA, compelling the defendants to reinstate plaintiff into the job position plaintiff held at the time of his termination, retroactively restoring plaintiff's seniority and all benefits, enjoining the defendants from any further violations of the PWDCRA, prohibiting the defendants from retaliating against plaintiff for exercising his rights under the PWDCRA, and precluding the defendants from terminating plaintiff except upon good and just cause.  Even if the Court orders such equitable relief, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including non-economic damages, back-pay, the value of lost benefits, consequential damages, the costs of any medical care, exemplary damages, attorney fees, costs, interest, etc.

WHEREFORE the plaintiff respectfully requests this Honorable Court to enter judgment in his favor, and against the defendants, jointly and severally, for all compensatory (past and future economic and non-economic damages) available under the law, litigation costs, interest, and all punitive and exemplary damages available at law, as well as all attorney fees incurred in having to investigate, pursue, litigate and prosecute this claim pursuant to the ADA and PWDCRA.

                                            Respectfully submitted,

                                            THE NISKAR LAW FIRM, PLLC

                                            By: /s/ Joey S. Niskar
                                            JOEY S. NISKAR (P55480)
                                            Attorney for Plaintiff
                                            30445 Northwestern Hwy., Ste. 250
                                            Farmington Hills, MI  48334
                                            (248) 702-6262

Dated:  January 20, 2019                E-mail:  joey@wrongfullydischarged.com

UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH BOSTWICK,

       Plaintiff,                                          Case No. 19-10194

-v-

SODECIA USA AUTOMOTIVE CORP.,
SODECIA AUTOMOTIVE NORTH
AMERICA, INC., and SODECIA AUTOMOTIVE
DETROIT, CORP., Jointly & Severally,

       Defendants.
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
E-mail:  joey@wrongfullydischarged.com

Street Address:
30445 Northwestern Hwy., Ste. 250
Farmington Hills, MI  48334
_____/

**<u>DEMAND FOR JURY TRIAL</u>**

NOW COMES the plaintiff, Kenneth Bostwick, by and through his counsel, The Niskar Law Firm, PLLC, and hereby demands a trial by jury on all issues in this case.

                                        Respectfully submitted,

                                        THE NISKAR LAW FIRM, PLLC

                                        By: /s/ Joey S. Niskar
                                        JOEY S. NISKAR (P55480)
                                        Attorney for Plaintiff
                                        30445 Northwestern Hwy., Ste. 250
                                        Farmington Hills, MI  48334
                                        (248) 702-6262

Dated:  January 20, 2019              E-mail:  joey@wrongfullydischarged.com